IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY CARL DIXON, #138238, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:07-CV-518-MHT |
| | ) |
| CHERYL PRICE, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Larry Carl Dixon ["Dixon"], a state inmate, on June 11, 2007.[1] In this petition, Dixon challenges a conviction for second degree theft of property imposed upon him by the Circuit Court of Mobile County, Alabama in 1993. Dixon also references medical treatment provided to him by a physician at Baptist Medical Center for an injury suffered in August of 2005.

**DISCUSSION**

**A. The Medical Treatment Claim**

In his habeas petition, Dixon asserts that after a window fell on his finger in August

---

[1] Although the Clerk of this court stamped the present petition "filed" on June 12, 2007, Dixon certified execution of the petition on June 11, 2007. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). In light of the foregoing and for purposes of this Recommendation, the court considers June 11, 2007 as the date of filing.

of 2005 at the Elmore Correctional Facility correctional officials transported him to Baptist Medical Center South in Montgomery, Alabama for treatment.[2] Dixon complains that upon arrival at Baptist Medical Center South he received "sub-standard medical treatment" from the attending physician, Dr. Gutierrez. *Petition for Habeas Corpus Relief* at 9. The challenge to medical treatment is not properly before the court in a petition for habeas corpus relief as such petition is limited to challenging the fact or duration of an inmate's confinement. Thus, the court concludes that Dixon's challenge to the medical treatment provided to him at the Baptist Medical Center South is due to be dismissed because this claim provides no basis for habeas corpus relief.[3]

## B. The Habeas Claims

This court "in the exercise of its discretion and in furtherance of justice" may transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" the petitioner. 28 U.S.C. § 2241(d). Dixon attacks a conviction entered against him by the Circuit Court of Mobile County, Alabama. Mobile County is located within the jurisdiction of the United States District

---

[2]In February of 2006, Dixon filed a 42 U.S.C. § 1983 action challenging the conditions of confinement at Elmore Correctional Facility which led to this injury and the medical treatment rendered by the prison health care provider for such injury. *Dixon v. Thomas, et al.*, 2:06-CV-164-WKW-TFM (M.D. Ala.).

[3]Dixon is advised that any claim alleging a denial of adequate medical treatment may be presented in a 42 U.S.C. § 1983 action. However, the court deems it appropriate to inform Dixon it appears that Dr. Gutierrez, an employee of Baptist Medical Center South, did ***not*** act under color of state law when providing medical treatment to Dixon. Consequently, any claim against this individual in a 42 U.S.C. § 1983 action would be subject to dismissal as frivolous.

2

Court for the Southern District of Alabama. In light of the foregoing, the court concludes that a transfer of this case to such other court for review and disposition is appropriate.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petitioner's claim challenging the medical treatment provided to him at Baptist Medical Center South be dismissed as this claim provides no basis for habeas corpus relief.

2. The 28 U.S.C. § 2254 petition for habeas corpus relief be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that on or before June 26, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of June, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE